## IN THE CIRCUIT COURT OF NESHOBA COUNTY, MISSISSIPPI

**SUSAN MATHIS**                                                                 **PLAINTIFF**

**VS.**                                                          CAUSE NO.: 06-CV-0046-NS-C

**CINGULAR WIRELESS**                                                            **DEFENDANT**

---

### COMPLAINT

---

COMES NOW the Plaintiff, Susan Mathis, by and through counsel, and files this her Complaint, and for cause would show unto this Court the following, to-wit:

### PARTIES

**1.**

Plaintiff is an adult resident citizen of Neshoba County, Mississippi.

**FILED**
**MAR 03 2006**
**TIME 11:00**
**PATTI DUNCAN LEE**
**CIRCUIT CLERK**

**2.**

At the times mentioned in this action Defendant, Cingular Wireless, was a corporation organized under the laws of Mississippi, and engaged in the business of selling cellular phones at retail under the name of Cingular Wireless, at 1065 County Road in the city of Philadelphia, Neshoba County, in the State of Mississippi. Defendant may be served through its registered agent for service of process, Corporation Service Company at 5565 South President Street, Jackson, MS. Plaintiff respectfully requests that process be returned to Plaintiff's counsel for private process service on this Defendant.

### FACTS

**3.**

On or about December 20, 2004, Plaintiff Susan Mathis, a business invitee, walked out of the Cingular Wireless at 1065 County Road, Philadelphia, MS, and was headed to her car in

the parking lot. As Mrs. Mathis turned the corner of the Cingular Wireless building, she tripped and fell over a crosstie, due to inadequate lighting, thereby proximately causing serious injury and damages to the Plaintiff as outlined below.

4.

At the time of said fall, the company failed to take proper and reasonable precautions to prevent this type of incident from occurring. No warnings were given to the Plaintiff of this condition. Cingular Wireless has since provided lighting in the subject area. Cingular Wireless knew or should have known of this unreasonable hazard.

5.

At all times, Plaintiff acted in a safe, reasonable and prudent manner.

## COUNT I
## NEGLIGENCE OF CINGULAR WIRELESS

6.

Plaintiff realleges those averments contained in Paragraphs 3 through 5 of this Complaint.

7.

At all times relevant hereto, Cingular Wireless had a duty to exercise that reasonable care owed to its invitees.

8.

On or about December 20, 2004, the Plaintiff, tripped and fell over a crosstie on the defendant's property. The fall was proximately caused by a hazardous condition on the premises which this Defendant had notice of, yet failed to remedy or adequately warn of, causing serious injury to her person.

**9.**

The injuries sustained on that date was a proximate result of an unreasonably dangerous condition then existing on the Defendant's premises. Cingular Wireless, its employees and/or agents created, knew of, or with reasonable diligence should have known of said unreasonably dangerous condition. Said condition includes, but is not limited to, the existence of the crosstie hazard, the inadequate lighting around the building and inadequate warnings of such hazard (none).

**10.**

The Defendant knew, or with reasonable diligence should have known of the dangerous conditions prior to the alleged occurrence, failed to correct in a timely fashion to correct the hazardous condition proximately causing the Plaintiff's injuries and damages.

**11.**

At all times relevant hereto, said dangerous conditions on Defendant's premises was within unobstructed access of agents or employees of the Defendant.

**DAMAGES**

**12.**

As a reasonably foreseeable and proximate result of said negligence, the Plaintiff has incurred damage including medical expenses, pain, suffering, lost wages and mental anguish.

**13.**

As a reasonably foreseeable and proximate result of said negligence, the Plaintiff reasonably anticipates incurring future medical expense, future pain and suffering, permanent physical impairment, loss of wage earning capacity and permanent disfigurement, in addition to other permanent injuries.

**WHEREFORE**, the Plaintiff, Susan Mathis, respectfully requests that this Court award

damages for past and future medical expenses, past, present and future pain, suffering and mental anguish, lost wages, permanent physical impairment, loss of wage earning capacity and other permanent injuries in an amount to be determined by a jury, believed to be in excess of this Court's jurisdictional minimum.

Further, the Plaintiff requests all general relief to which she may be entitled.

DATED, this the 27th day of February, 2006.

Respectfully submitted,

*SUSAN MATHIS, PLAINTIFF*

By: _____
**LANCE L. STEVENS**
**HER ATTORNEY**

LANCE L. STEVENS (MSB #7877)
STEVENS & WARD, P.A.
1855 Lakeland Drive
Suite P-121
Jackson, Mississippi 39216
Telephone:   (601) 366-7777
Facsimile:   (601) 366-7781
Email: lstevens@stevensandward.com

STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for said state and county, hereby certify that the above and foregoing is a true and correct copy. Given under my hand and seal of office.
This the 5th day of _____
PATTI DUNCAN LEE, CIRCUIT CLERK
BY: _____ D.C.

4

IN THE CIRCUIT COURT OF
OF NESHOBA COUNTY, MISSISSIPPI

SUSAN MATHIS                            PLAINTIFF

V.                               CASE NO.: 06-CV-0046-NS-C

CINGULAR WIRELESS                      DEFENDANTS

---

## SUMMONS
### BY PRIVATE PROCESS SERVER

---

**THE STATE OF MISSISSIPPI**

TO:   Corporation Service Company
      506 South President St.
      Jackson, MS 39201
      *As Agent for Cingular Wireless*

### NOTICE TO THE DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to HONORABLE LANCE L. STEVENS, the attorney for the Plaintiff, whose address is 1855 LAKELAND DRIVE, SUITE P-121, JACKSON, MISSISSIPPI 39216.

Your response must me mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

**FILED**
APR 1 0 2006
TIME 12:10
PATTI DUNCAN LEE
CIRCUIT CLERK

5

Issued under my hand and the seal of said Court, this 3rd day of March,
2006.

>PATTI DUNCAN LEE
>CIRCUIT CLERK, NESHOBA

>BY: _____
>    DEPUTY CLERK

# PROOF OF SERVICE-SUMMONS
(Process Server)

AGENT Served: __Corporation Service Company__

As agent for the following ENTITY: __Cingular Wireless__

I, the undersigned process server, served the Summons and Complaint upon the agent for the entity named above in the manner set forth below:

☒ I personally delivered copies to __Danny L. Perry, Corporation Service__ on the __6th__ day of __April__, 200_6_, where I found said person in __Hinds (Company)__ County, of the State of Mississippi.

☐ I was unable to deliver copies of the above to _____, but on the ___ day of _____, 200__, I left them with _____ _____, who is an employee or coworker above the age of 16 and willing to receive same on the behalf of _____. A copy of the summons and attachments were then forwarded to the above-listed agent by U.S. Mail, postage prepaid to the address of _____ _____ on the ___ day of _____, 200__.

☐ I was unable to locate _____ for service of the summons and attachments.

☐ CERTIFIED MAIL SERVICE. I have served copies of the summons and attachments by mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (The signed return receipt or the return envelope marked "Refused" is attached.)

At the time of service I was at least 18 years of age and not a party to this action.

Signed by: __Melanie J. Wall__
NAME: __Melanie J. Wall__
ADDRESS: __1855 Lakeland Dr Ste-P121__
__Jackson, MS 39216__

STATE OF MISSISSIPPI
COUNTY OF __Hinds__

PERSONALLY came and appeared before me, the undersigned authority in and for the jurisdiction aforesaid, __Melanie Wall__, who having been by me first duly sworn, states on his/her oath that the matters and facts set forth in the above and foregoing Proof of Service are true and correct as therein stated.

SWORN TO AND SUBSCRIBED before me, this the __6th__ day of __April__, 200_6_.

_____
NOTARY PUBLIC    (SEAL)

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Dec 21, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My Commission Expires: _____

STATE OF MISSISSIPPI
NESHOBA COUNTY
I, PATTI DUNCAN LEE, Circuit Clerk in and for said state and county, hereby certify that the above and foregoing is a true and correct copy. Given under my hand and seal of office.
This the ____ day of _____, 20___
PATTI DUNCAN LEE, CIRCUIT CLERK
BY: _____ D.C.